

IT IS SO ORDERED.
Signed January 21, 2015

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHOU TUNG WANG,<br><br>Debtor. | Case No. 14-50146-ASW<br><br>Chapter 11 |
| CHINA EXPORT FINANCE LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>SHOU TUNG WANG,<br><br>Defendant. | Adv. Pro. No. 14-05078-ASW<br><br><br><br>Hearing Date: Jan 22, 2015<br>Hearing Time: 2:15 p.m. |

**MEMORANDUM DECISION RE: MOTION TO ALTER OR AMEND**

Before the Court is the motion of Defendant Shou Tung Wang ("Wang"), who is represented by attorney Steven Sibley, to alter or amend this Court's Tentative Decision issued on November 13, 2014, and made final at a hearing on that same date ("Decision"). The motion is opposed by Plaintiff China Export Finance Limited ("CEFL"), which is represented by attorney David Cook.

In the Decision, the Court stated its reasons for denying Wang's motion for summary judgment seeking to avoid CEFL's judicial

lien as impairing Wang's homestead. The Court found that there was a genuine issue of material fact as to the validity of the seven deeds of trust recorded after the effective date of CEFL's judgment lien. In the course of analyzing the motion, the Court stated: "CEFL contends that these deeds of trust were fraudulently granted in an attempt to hinder and delay CEFL's ability to collect its judgment. If that is proven, and those liens are invalidated, CEFL's judicial lien would not be subject to avoidance under § 522(f) because it would no longer impair Wang's homestead exemption."

Wang asks the Court to alter or delete the last quoted sentence. Wang contends that the cited language conflicts with Wang's uncontested computation in his lien avoidance motion that even if all the individual deeds of trust were excluded from the avoidance calculation, CEFL's judgment lien is secured in the amount of $30,994.

The Court agrees that the Decision should be amended; the phrasing of the sentence does not correctly reflect the Court's intention. The sentence was not intended to be a finding by the Court, but a statement of CEFL's position.

Under Fed. R. Civ. P. 60(b)(1), the Court may correct a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record, and may do so on motion or sua sponte. Because the Court's intent was not clearly stated in the Decision, the Court will issue an order under Fed. R. Civ. P. 60(b)(1) (applicable via Fed. R. Bankr. P. 9024) amending the Decision to correct the sentence to read: "If that is proven, and those liens are invalidated, *CEFL contends that its* judicial

lien would not be subject to avoidance under § 522(f) because it would no longer impair Wang's homestead exemption."

CEFL raises a number of arguments in its opposition. CEFL contends that collateral estoppel bars reconsideration and that the motion does not meet the standard for a motion for reconsideration. CEFL also disputes Wang's position that CEFL's lien may still be avoided if the disputed liens are avoided. None of these arguments is applicable, given that the phrasing of the Decision was an oversight by the Court and does not represent the Court's intention. It would be manifest error of fact and law to leave the erroneous language in the Court's Decision. CEFL's objections are overruled.

To be clear, the Court is <u>not</u> making a finding as to the avoidability of CEFL's lien. If and when the validity of the disputed liens is litigated, the Court will consider the proper calculation to determine whether CEFL's lien impairs Wang's homestead exemption.

**\*\*\* END OF MEMORANDUM DECISION \*\*\***

**Court Service List**

Parties to be served electronically.